**FILED**

**June 30, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:32 PM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **ELIZABETH RENEE JONES,** | ) Docket No.: 2016-03-0566 |
| **Employee,** | ) |
| **v.** | ) |
| **BLACK'S MOBILE DETAILING** | ) State File No.: 40660-2016 |
| **SERVICE,** | ) |
| **Employer.** | ) Judge Lisa A. Lowe |
| | ) |

## EXPEDITED HEARING ORDER
## GRANTING PAST TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on June 20, 2017, upon Ms. Jones' Request for Expedited Hearing seeking temporary disability benefits. Previously, the Court conducted an Expedited Hearing and issued an order granting medical benefits. The Court incorporates by reference the facts and findings contained in that order.

The central legal issue before the Court at this time is whether Ms. Jones is likely to prevail at a trial on the merits in proving her entitlement to temporary disability benefits. For the reasons set forth below, the Court holds that Ms. Jones is and orders Black's Mobile Detailing to pay those benefits.

### History of Claim[1]

At the conclusion of the first Expedited Hearing in this matter, the Court held that Ms. Jones sustained an accidental injury to her left foot caused by a specific incident arising primarily out of and in the course and scope of her employment and awarded medical benefits with Dr. Testerman as the authorized treating physician. However, the Court held that Ms. Jones failed to come forward with sufficient evidence to prove she would likely to prevail at a hearing on the merits on the issue of temporary disability

---

[1] In determining this claim, the Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012)("we are permitted to take judicial notice of the facts from earlier proceedings in the same action").

1

benefits. In a renewed effort to obtain those benefits, Ms. Jones filed this second Request for Expedited Hearing and provided additional medical records.

At this hearing, Ms. Jones submitted additional treatment records. According to those records, on May 27, 2016, Dr. Testerman indicated Ms. Jones "may not return to work until 6/21/16." On January 9, 2017, she noted, "the last time I saw her was 7/21/16. She was a no show to her 9/8/16 and 9/15/16 appointments. She subsequently saw PA Barry Perkins, 9/23/16. [PA Perkins] released her to work."[2] Dr. Testerman additionally stated, "she can return to sedentary work for the next month . . . then return to regular activities," and signed a work status note indicating "[Ms. Jones] was not permitted to return to work from 5/27/16 to 9/29/16."

### Findings of Fact and Conclusions of Law

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Jones need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2016).

*Temporary Disability Benefits*

Ms. Jones seeks temporary disability benefits. In *Jones v. Crencor,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015), the Appeals Board, citing *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978), held: "An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability."

Here, Ms. Jones testified that she has been unable to work since the date of injury until she recently accepted a job at Rubbermaid. She introduced records from Dr. Testerman, which established she was unable to work from May 27 through September 29, 2016. To establish her rate of compensation for this time period, Ms. Jones submitted a wage statement that reflected an average weekly wage of $585.58 and a compensation rate of $389.99. Black's did not submit a wage statement.

Thus, the Court concludes that Ms. Jones has come forward with sufficient evidence to establish that she is likely to prevail at a hearing on the merits on the issue of temporary disability benefits. The Court holds that she is entitled to 18 weeks of past

---

[2] Ms. Jones did not submit the July 21 or September 23, 2016 records into evidence.

2

temporary disability benefits from May 27 through September 29, 2016, in the amount of $7,019.82.

*Payment of Benefits*

Although this Court holds Black's must pay Ms. Jones past temporary disability benefits, it is unclear whether payment will be forthcoming, as Black's did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1) (2016), however, the Bureau has discretion to pay limited temporary disability and medical benefits from the Uninsured Employers Fund to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and,
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4) (2016).

In the previously issued order, the Court adopted the findings contained in the Bureau's Investigation Report, admitted into evidence without objection as Exhibit 3. Based on the testimony and evidence introduced at the first Expedited Hearing, the Court found:

(1) Black's failed to carry workers' compensation insurance;
(2) Ms. Jones suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
(3) Ms. Jones was a Tennessee resident on May 23, 2016, the date of the injury;
(4) Ms. Jones provided notice to the Bureau of the injury and Black's failure to provide workers' compensation within sixty days after the injury occurred; and,
(5) Ms. Jones is entitled to past and on-going medical benefits.

Based on those findings, the Court holds Ms. Jones is qualified to receive temporary disability and medical benefits from the Uninsured Employers Fund, subject to the Fund's statutory discretion.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Jones is entitled to past temporary disability benefits from May 27 through September 29, 2016, in the amount of $7,019.82.

2. Ms. Jones is eligible to receive medical and temporary disability benefits from the Uninsured Employer's Fund as allowed in Tennessee Code Annotated section 50-6-801, *et seq.* Dr. Testerman will continue to be the authorized treating physician. The clerk shall forward a copy of this order to the Administrator for consideration of payment.

3. This matter is set for a Scheduling Hearing on August 21, 2017 at 9 a.m. Eastern. The parties must call 865-594-0091 or 855-543-5041 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED this the 30th day of June, 2017.**

**HON. LISA A. LOWE**
**Workers' Compensation Judge**

4

# APPENDIX

<u>Exhibits:</u>
1) Affidavit of Elizabeth Jones,
2) Affidavit of Mariah R. Paz,
3) Expedited Request for Investigation Report by Kimberly Stoner,
4) Request for Taxpayer Identification Number and Certification, Form W-9,
5) Wage Statement, Form C-42 and Handwritten Statement of Ms. Jones,
6) Handwritten Statement of Average Pay,
7) Work Status Notes of Dr. Mary C. Testerman, OrthoTennessee with Ms. Jones' Handwritten Statements, and
8) Medical Waivers executed by Ms. Jones and submitted to HealthSmart.

<u>Technical Record:</u>
1. Petition for Benefit Determination,
2. Dispute Certification Notice,
3. Request for Expedited Hearing,
4. Amended Dispute Certification Notice,
5. Expedited Hearing Order Granting Medical Benefits,
6. Request for Expedited Hearing,
7. Request for Ms. Jones' Signature of the Medical Waiver and Consent, Form C-31, and
8. Order Granting Employer's Request for Ms. Jones' Signature of the Medical Waiver and Consent, Form C-31.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 30th day of June, 2017.

| Name | Certified Mail | Fax | Via Email | Service sent to: |
|------|----------------|-----|-----------|------------------|
| Elizabeth Renee Jones, Self-Represented Employee | | | X | simplylivelovelaugherjones@gmail.com<br>Ereneejones@hotmail.com<br>Mariahpaz38@gmail.com<br>Lovemonkeynae1976@aol.com |
| Shawn Black, Self-Represented Employer | | | X | blackdemont@yahoo.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**